UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. _____ |
| Plaintiff, | |
| v. | |
| $55,655.00 IN U.S. CURRENCY, | |
| Defendant. | |

## VERIFIED COMPLAINT FOR FORFEITURE *IN REM*

The plaintiff, United States of America, through its attorneys Charles J. Kovats, Jr., Acting United States Attorney for the District of Minnesota, and Quinn Hochhalter, Assistant United States Attorney, in a civil cause of action for forfeiture, alleges as follows in accordance with Supplemental Rule G(2) of the Federal Rules of Civil Procedure:

## NATURE OF THE ACTION

1. This is an action to forfeit and condemn to the use and benefit of the United States of America $55,655.00 in U.S. Currency for violations of 21 U.S.C. § 841 *et. seq.*

## THE DEFENDANT *IN REM*

2. The defendant *in rem* is $55,655.00 in U.S. Currency seized from Abderrahim Nasri ("Nasri") on June 22, 2021 ("the Defendant Property"). The Defendant Property is in the custody of the United States Marshals Service.

///

///

///

## JURISDICTION AND VENUE

3. Plaintiff brings this action *in rem* in its own right to forfeit and condemn the Defendant Property. This Court has jurisdiction over an action commenced by the United States under 28 U.S.C. § 1345 and over an action for forfeiture under 28 U.S.C. § 1355(a).

4. This Court has *in rem* jurisdiction over the Defendant Property under 28 U.S.C. § 1355(b). Upon the filing of this Complaint, the Plaintiff requests that the Clerk of Court issue an arrest warrant *in rem* pursuant to Supplemental Rule G(3)(b)(i), which the Plaintiff will execute upon the Defendant Property pursuant to 28 U.S.C. § 1355(d) and Supplemental Rule G(3)(c).

5. Venue is proper in the District of Minnesota pursuant to 28 U.S.C. § 1355(b)(1) because acts or omissions giving rise to the forfeiture occurred in this District, and pursuant to 28 U.S.C. § 1395 because the Defendant Property is located in this District.

## FACTS

6. On June 20, 2021, Abderrahim Nasri requested a room at the Medina Inn in Medina, Minnesota.

7. Nasri attempted to pay for one night with cash, but Medina Inn policy requires credit or debit card payment. Nasri left and returned with a card.

8. Nasri provided the Medina Inn with paper identification and registered a Honda Accord.

9. Nasri was assigned Room #110 at the Medina Inn.

10. The next day, on June 21, 2021, Nasri extended his stay in Room #110 for one more night.

11. While extending his stay, Nasri asked about a monthly rate and made a joke that he should rob the Medina Inn.

12. Medina Inn policy is for a guest to check-out at 11:00 a.m., unless they request to extend their stay.

13. Nasri did not request to further extend his stay before 11:00 a.m. on June 22, 2021.

14. On June 22, 2021, at 11:00 a.m., a Medina Inn housekeeper went to Room #110 to clean, because Nasri had not extended his stay.

15. In Room #110, the Medina Inn housekeeper saw the smoke detector had been removed from the wall and the room contained what appeared to be residue from illegal narcotics, drug paraphernalia, and a torch.



16. The Medina Inn housekeeper reported to Medina Inn management and a manager came to Room #110.

17. The Medina Inn manager saw the smoke detector off of the wall, pipes on the nightstand, a white substance on a drink coaster, the refrigerator moved and a white substance on top of it.

18. On June 22, 2021, Medina Inn management contacted the Medina Police Department to report the suspected presence of illegal narcotics inside Room #110.

19. When the Medina Police Department arrived at the Medina Inn, management allowed the Medina Police Department to enter Room #110.

20. Inside Room #110, Medina Police Department officers saw in plain view what appeared to be methamphetamine residue on top of the refrigerator.

21. During this time, at around 11:30 a.m., the Medina Inn received a call from Nasri requesting to extend his stay.

22. After preliminarily seeing inside Room #110, law enforcement sought a Minnesota state search warrant for Room #110.

23. On June 22, 2021, the Honorable Luis Bartolomei authorized a search warrant for Room #110 and law enforcement executed it the same day.

24. During the search of Room #110, law enforcement found white residue on a drink coaster, which field tested positive for methamphetamine, marijuana, multiple two-way radios, multiple rolls of duct tape, electrical components, an unknown gray malleable substance, a gas mask, methamphetamine pipes, and approximately 100-200 small plastic baggies, of the type often used to package and sell narcotics.

25. While law enforcement searched Room #110, Nasri returned to the Medina Inn in a Honda Accord. Law enforcement detained Nasri as he keyed into Room #110.

26. Inside Nasri's pants pocket was $2,895.00 in U.S. Currency, a small white jar with 1.4 grams of a white substance that field tested positive for methamphetamine, another small white jar with a wax that field tested positive for THC, and a cellphone.

27. Inside the Honda Accord was the vehicle registration for the Honda Accord, in the name of Abderrahim Nasri, an iPad, a blue notebook, $52,760.00 in U.S. Currency, and three cellphones.

28. During an interview with law enforcement, Nasri stated he is not currently employed, receives approximately $1,450 per month from unemployment benefits, and tries to buy and sell things online for profit.

29. Nasri reported using Craigslist to buy an iPad for $350, which he later pawned for $250, because he needed cash.

30. Nasri reported various previous employers, including the Outtake Cinema Grill in New Hope, Minnesota and part-time teaching in Eau Claire, Wisconsin.

31. Nasri reported that, before COVID, he made approximately $3,700 gross per month and had monthly expenses that included food, gas, clothing, cellphone, insurance, and child support payments of approximately $600 per month.

32. Nasri reported he was living out of his Honda Accord and hotels since approximately November of 2020 and staying at the Medina Inn for the prior two days.

33. Minnesota Department of Employment and Economic Development (DEED) indicates Nasri has not worked for an employer that reports to the Minnesota Department of Revenue since 2020.

34. On September 9, 2021, the State of Minnesota, Hennepin County, filed a criminal complaint against Nasri related to the events on June 22, 2021 (District Court, 4th Judicial District, Case No. 27-CR-21-16894). Count One alleges Third Degree Sale of Narcotics and Count Two alleges Fifth Degree Possession of Marijuana.

35. The searches of Room #110, the Honda Accord, and Nasri's person revealed Nasri possessed illegal narcotics, drug paraphernalia, multiple cellphones, and large amounts of cash. The drug paraphernalia, which included pipes and baggies, is indicative of both drug use and drug sales. Multiple cellphones and large quantities of cash are also indicative of drug sales, because individuals engaged in drug sales often have multiple business or "burner" phones to frequently change their phone numbers in an effort to evade law enforcement, and drug sales are often conducted in cash. At that time of the search, Nasri had no current employment or other known viable source for this amount of currency. Because of these factors, the Defendant Property is likely connected to Nari's drug trafficking activities.

## BASIS FOR FORFEITURE

36. The Defendant Property is subject to forfeiture pursuant to 21 U.S.C. § 881(a)(6) because it was furnished or intended to be furnished in exchange for a controlled substance, constitutes proceeds traceable to such an exchange, or was used or intended to be used to facilitate a violation of the Controlled Substances Act.

## CLAIM FOR RELIEF

37.     The plaintiff requests that the Court issue a warrant for the arrest and seizure of the Defendant *in rem*, that notice of this action be given to all persons who reasonably appear to be potential claimants of interests in the Defendant *in rem*, that the Defendant *in rem* be forfeited and condemned to the United States of America, that the plaintiff be awarded its costs and disbursements in this action, and for such other and further relief as this Court deems proper and just.

Dated: December 7, 2021                     CHARLES J. KOVATS, JR.
                                            Acting United States Attorney

                                             *s/ Quinn Hochhalter*
                                            BY: QUINN HOCHHALTER
                                            Assistant U.S. Attorney
                                            Attorney ID No. 07791ND
                                            600 United States Courthouse
                                            300 South Fourth Street
                                            Minneapolis, MN 55412
                                            612-664-5600
                                            Quinn.Hochhalter@usdoj.gov

## VERIFICATION

I, Agent Ryan J. Westby, verify and declare under penalty of perjury as follows:

I am and have been a Task Force Officer for the Drug Enforcement Administration ("DEA") since 2019. I read the foregoing Verified Complaint *In Rem* and know the contents thereof, and the matters contained in the Verified Complaint are true to my own knowledge, except that those matters not within my knowledge are alleged on information and belief, and I believe those matters to be true.

The sources of my knowledge and information and the grounds of my belief are the official files and records of the United States, information provided to me by other law enforcement agencies and officers, and information I have learned by reviewing reports prepared by other law enforcement agencies and officers, as well as my investigation of this case, together with others, as a DEA Task Force Officer.

I hereby verify and declare under penalty of perjury that the foregoing is true and correct.

Dated: December 7, 2021

                                                 *s/ Ryan J. Westby*
                                                 Agent Ryan J. Westby
                                                 DEA Task Force Officer